bound by it. We are of the opinion that on the day of the death of Henry C. Streeper, from the evidence of Mrs. Osborne and Katie Martin, the only witnesses who saw and talked with deceased on that day, that he was not suffering from delirium caused by pain from the lump on his neck, and this is the only excuse offered by appellee for the commission of the act.

As this case must be remanded on a question of liability of appellant as to the amount insured paid in the benefit fund the errors with reference to the sufficiency of the tender, and the liability for costs will not at this time be discussed. We are of the opinion under the pleadings and evidence in this case that the instruction offered by appellant at the close of all the evidence in the case, instructing the jury to find for the plaintiff and to assess the damages in the sum the evidence shows insured had paid into the benefit fund of appellant, should have been given and its refusal was error, for which error this case will be reversed and remanded.

*Reversed and remanded.*

---

## Mellie Smith, Appellant, v. Alfreda Smith, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Clinton county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 1, 1914.

### Statement of the Case.

Bill filed by Mellie Smith against Alfreda Smith to review a decree setting aside a previous decree of divorce between William R. Smith and the defendant. From a decree dismissing the bill for want of equity, the complainant appeals.

H. G. WEBER, for appellant.

JOHN J. McGAFFIGAN, for appellee.

MR. JUSTICE HARRIS delivered the opinion of the court.

## Abstract of the Decision.

DIVORCE, § 61*—*when bill of review to annul decree properly dismissed.* Where a man obtained a divorce from his wife and married again, and the first wife thereafter had the divorce decree set aside, and the husband died, *held,* on bill for review filed by the second wife against the first wife to have the decree setting aside the former decree of divorce between the husband and the first wife annulled, that a decree dismissing the bill for want of equity was proper for the reason that complainant was not a party entitled to a review of the decree there being no averment of fraud in obtaining the decree and no averments showing an excuse for laches.

---

## Sadie Klinghammer, Appellee, v. Julius Hoffman, Appellant.

1. MASTER AND SERVANT, § 849*—*when master is liable for the wilful and wanton acts of servant.* Under the law of this state the master is responsible for wilful or wanton acts of the servant done within the general scope of his employment while engaged in his master's business with a view to the furtherance of that business.

2. MASTER AND SERVANT, § 849*—*when master liable for wilful acts of servant in management of horse.* Where an owner of a horse directed his servant to take the horse out on the highway to

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.